United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRADETECH, INC., and SAM RIVINIUS<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN JOSE, et al.,<br><br>Defendants. | Case No. 19-cv-06157-NC<br><br>**ORDER GRANTING MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 44 |

Before the Court is the defendants' motion to dismiss the Second Amended Complaint in this civil rights case brought by a contractor who was debarred by the City of San Jose following a long dispute over a bike path construction project. The Court previously granted the defendants' motion to dismiss the plaintiffs' claim for deprivation of substantive due process based on both their right to contract and harm to their reputation for failure to state a claim under Rule 12(b)(6) and granted leave to amend. Dkt. No. 40. The Court finds that the plaintiffs' amendments still fail to state this claim because their Second Amended Complaint does not allege that they were effectively excluded from practicing their occupation. Further, the Court finds that plaintiff Sam Rivinius has not alleged a direct and independent injury separate from the harm alleged to Gradetech. Rivinius therefore lacks standing to bring this case.

The motion to dismiss the substantive due process claim is hereby GRANTED. Sam Rivinius is hereby DISMISSED from the case for lack of standing.

### I. Background

#### A. Procedural History

Plaintiffs Gradetech, Inc. and its owner Sam Rivinius filed their First Amended Complaint bringing three claims under 42 U.S.C. § 1983 against defendants Jim Ortbal, David French, Chris Mastrodicasa, Matthew Cano, and Matthew Loesch. Dkt. No. 15. Their claims were for (1) First Amendment retaliation; (2) deprivation of Gradetech's protected liberty interests; and (3) deprivation of Gradetech's protected property interest. *Id*. The FAC also sought a writ of mandamus, or in the alternative administrative mandamus, under California Code of Civil Procedure §§ 1085 or 1094.5. *Id*. Defendants moved to dismiss the entire FAC. Dkt. No. 17.

The Court granted the motion to dismiss the plaintiffs' claim for deprivation of liberty under § 1983. Dkt. No. 40. The Court held that the plaintiffs had failed to state a claim for deprivation of substantive due process as it related to their liberty interests in (a) the right to bid on future contracts and (b) on their reputation. *Id*. at 16. The Court also found that plaintiff Sam Rivinius, the owner of Gradetech, had not sufficiently alleged his independent standing to sue. *Id*. The Court granted the plaintiffs leave to amend. *Id*.

Defendants appealed the Court's order on the motion to dismiss the FAC to the Ninth Circuit. Dkt. No. 42. Accordingly, the Court ordered further briefing from both parties regarding its jurisdiction over the case pending appeal. Dkt. Nos. 48, 49, 56.

The Court held a hearing on the jurisdictional issue and on the motion to dismiss the SAC. Dkt. No. 58. All parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). Dkt. Nos. 7, 10, 23.

#### B. New Facts Alleged

A detailed accounting of the facts alleged in the FAC, most of which are repeated in the SAC, is available in the Court's order on the first motion to dismiss at Dkt. No. 40. In summary, plaintiff Gradetech is a contractor that has worked with the City of San Jose on multiple large projects. SAC ¶¶ 5, 39. Gradetech entered into a contract with the City for work on the Lake Cunningham Bike Project in March 2016. *Id*. ¶ 17. Gradetech

complained to the City about mismanagement and safety issues throughout the project. *Id*. ¶¶ 2–21. Gradetech also sued the City in state court for $1.85 million in additional amounts due for the project. *Id*. ¶ 22.

Gradetech submitted erroneous payment data in the Lake Cunningham project, but its owner Sam Rivinius took responsibility for the error and corrected it. *Id*. ¶¶ 77–78. The City then stopped awarding Gradetech projects and initiated debarment proceedings against it. *Id*. ¶ 49. The plaintiffs allege that the debarment and the City's public justification for it—the erroneous payroll data—have effectively blacklisted them from participation in their profession, because other potential clients will learn about the debarment and underlying accusations and will refuse to award them contracts. *Id*. ¶¶ 69–79.

Because the Court only granted the defendants' motion to dismiss as to the claim for deprivation of liberty under 42 U.S.C. § 1983 and granted the plaintiffs leave to amend that claim, the Court next highlights the new facts alleged in the SAC in support of that one claim.

First, plaintiffs added an allegation that the City of San Jose has now debarred both Gradetech and Rivinius. SAC ¶ 68. This debarment means that Gradetech and Rivinius are prohibited for one year from bidding on City contracts. *Id*. ¶ 69.

Second, plaintiffs allege that the debarment was "based on accusations of perjury." *Id*. ¶ 70. The debarment will "permanently stigmatize" the plaintiffs and will prevent them from "obtaining valuable public and private contracts and from working with other contractors generally." *Id*. ¶ 71.

Third, plaintiffs allege that that this debarment status is "publicly available." *Id*. ¶ 73. Moreover, the debarment must be disclosed to other government agencies which will result in plaintiffs being "unable to obtain" other contracts. *Id*. ¶ 74.

Finally, plaintiffs allege that debarred contractors cannot obtain bonding and insurance services for their contract work, or must pay a higher price for bonding and insurance. *Id*. ¶ 75.

3

## II. Legal Standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill*, 80 F.3d at 337–38. The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III. Discussion

### A. Jurisdiction

As an initial matter, the Court addresses the jurisdictional issue briefed by the parties. Dkt. Nos. 49, 56.

A notice of appeal divests the district court of jurisdiction over the issues appealed. *Chuman v. Wright*, 960 F.3d 104, 105 (9th Cir. 1992). The divestiture is automatic upon the filing of a notice of appeal. *Id*. This principle applies to non-frivolous appeals over a denial of qualified immunity. *See Estate of Anastacio Hernandez-Rojas v. United States*, 2015 WL 9592533, at *4 (S.D. Cal. 2015).

The individually-named defendants filed an appeal of this Court's order on the motion to dismiss the FAC. Dkt. No. 42. Specifically, the appeal is regarding the individual defendants' qualified immunity defense to the plaintiffs' causes of action for (1) First Amendment retaliation and (2) deprivation of property without due process of law.

*See* Dkt. No. 49 at 3. Defendants did not appeal the Court's order as to the plaintiffs' claims for deprivation of liberty without due process or for mandamus relief under California law. *Id*. Defendants state that they intend to file a motion to stay those claims following this Order on the motion to dismiss the SAC; Plaintiffs argue that the case should not be stayed because the appeal is frivolous. *See* Dkt. Nos. 49, 56. The Court does not determine at this time whether the appeal is frivolous or whether to stay the case.

Instead, the Court notes that it currently has proper jurisdiction over this motion, which focuses only on the plaintiffs' claim for deprivation of substantive due process in their liberty interest in the right to bid on future contracts and their reputation. Because this claim is not the subject of Defendants' appeal, the Court proceeds to rule on the motion to dismiss that claim in this Order.

## B. Deprivation of Liberty

Plaintiffs' SAC asserts a claim for deprivation of liberty, defining their liberty interests as their rights (a) to bid on public contracts and (b) to be free from reputational harm. SAC at 15–19. This is fashioned as a substantive due process claim. *Id*.

### 1. Right to Bid

A substantive due process claim based on the government's prohibition on bidding for contracts must amount to "a complete prohibition of the right to engage in a calling, and not [a] sort of brief interruption." *Engquist v. Oregon Dept. of Ag.*, 478 F.3d 985, 997 (9th Cir. 2007). Claims for a public employer's deprivation of occupational liberty are limited to "extreme cases, such as a government blacklist, which when circulated or otherwise publicized to prospective employers effectively excludes the blacklisted individual from his occupation, much as if the government had yanked the license of an individual in an occupation that requires licensure." *Id*. at 997–98 (internal quotations omitted). A liberty interest in pursuit of a profession "has been recognized only in cases where (1) a plaintiff challenges the rationality of government regulations on entry to a particular profession" or (2) "a state seeks permanently to bar an individual from public employment." *Guzman v. Shewry*, 553 F.3d 941, 954 (9th Cir. 2009).

At the time that the plaintiffs filed the FAC, they had not been debarred by the City of San Jose. The Court's order on the previous motion to dismiss held that the ongoing debarment proceedings did not suffice to state a claim for deprivation of occupational liberty, but that "[i]f Gradetech is debarred, then this claim may have legs." Dkt. No. 40 at 14. In the SAC, plaintiffs allege that they have been debarred.

But, as pleaded, the debarment is still not enough. The SAC states that "[u]nder the debarment, Gradetech and Rivinius are prohibited for one (1) year from bidding on any City contracts." SAC ¶ 69. To show that this prohibition has longer-lasting effects, Plaintiffs state that the debarment "will be considered a disqualifying mark . . . both during and after the debarment period," and that the record of the debarment "will stigmatize Gradetech and Sam Rivinius indefinitely." SAC ¶¶ 71–72. The question, then, is whether the "permanent stigma" of the one-year debarment is enough to qualify as a bar from an occupation in its entirety. *Guzman*, 552 F.3d 954–55 (9th Cir. 2009). The answer is no. "People do not have liberty interest in a specific employer . . . or in a civil service career generally," so the government does not "deprive a worker of liberty unless they effectively bar her from all employment in her field." *Blantz v. California Dep't of Corr. & Rehab., Div. of Corr. Health Care Servs.*, 727 F.3d 917, 925 (9th Cir. 2013). Plaintiffs have not alleged an effective bar from all employment in their field.

Plaintiffs cite to no case where any court found that a temporary suspension from contracting with one municipality constituted a deprivation of a liberty interest. Instead, plaintiffs try to distinguish *Guzman*, where a medical doctor's Medi-Cal privileges were temporarily suspended because he was accused of criminal wrongdoing. 553 F.3d 941. There, the court held that the doctor's liberty interests had not been violated because the state had neither revoked nor suspended his license to practice medicine, nor had it excluded him from the medical profession. *Id.* at 954–55. But plaintiffs' attempt at distinction fails, because what happened in *Guzman* is essentially what happened here: the debarment is a temporary suspension from contracting with one specific municipality, which does not revoke or suspend any licenses and does not prevent the plaintiffs'

6

1   participation in their profession generally.  The additional allegations of the SAC do not

2   suffice to state a claim for deprivation of a liberty interest.

### 2. Reputation

Plaintiffs also premise their substantive due process claim on the damage to their reputation.  The Court previously held that Plaintiffs had "not shown how reputation constitutes a fundamental right warranting substantive due process protection."  Dkt. No. 40 at 14.  Even if these allegations were instead fashioned as a procedural due process claim, the Court held that the plaintiffs would have had to allege that "the accuracy of the charge [was] contested, there [was] some public disclosure of the charge, and it [was] made in connection with the termination of employment or the alteration of some right or status recognized by law." *Id.* (quoting *Erickson v. U.S. ex rel. Dept. of Health and Human Srvs.*, 67 F.3d 858, 862 (9th Cir. 1995)).

The SAC contains no additional allegations to support that the damage to the plaintiffs' reputation is a substantive due process issue.  And if it were instead framed as a procedural due process claim, the claim still lacks merit.  The Court found previously that the plaintiffs never alleged that they contested the "accuracy of the charge" because they admitted to having accidentally submitted the erroneous payroll data.  Dkt. No. 40 at 15; *Erickson*, 67 F.3d at 862.  The SAC seeks to cure this ill by alleging that Rivinius has "consistently maintained that the errors were a mistake, and not submitted with the necessary fraudulent intent" for the crime of perjury.  SAC ¶ 78.  But the claim is still plagued by a more fundamental problem: the plaintiffs were not deprived of their occupational liberty, and "stigmatizing statements . . . do not deprive a worker of liberty unless they effectively bar her from all employment in her field." *Blantz*, 727 F.3d at 925. The SAC does not sufficiently allege that the City's accusations of perjury resulted in an effective bar on the plaintiffs' ability to work in their field.

Because the plaintiffs have still not alleged that the defendants deprived them of liberty in the form of either their right to contract or their damaged reputation, the Court GRANTS the motion to dismiss that claim.

7

### C. Standing of Sam Rivinius

The Court's previous order on the motion to dismiss the FAC held that Sam Rivinius lacked standing to bring this case because he had not suffered injury directly and independently from Gradetech. Dkt. No. 40 at 7; *see RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1057 (9th Cir. 2002) (holding that a shareholder or officer of a corporation only has standing if he has been injured directly and independently from the corporation); *see also Direct List, LLC v. Kessler*, 2018 WL 3327802, at *2 (S.D. Cal. 2018) (holding that personal economic injury that results from harm to the corporation does not qualify as direct and independent injury). The Court held that Rivinius might have standing if he alleged direct and independent injury to his right to contract or his reputation as part of the substantive due process claim discussed above. However, because the Court has found in this Order that the plaintiffs failed to state this claim in the first place, Rivinius has consequently failed to state a claim for his standing to bring this suit. As such, Rivinius is hereby DISMISSED from this case.

### IV. Conclusion

The plaintiffs have failed to cure the deficiencies identified in the Court's previous order granting the defendants' motion to dismiss. Plaintiffs were already granted leave to amend but could not allege sufficient additional facts, so the Court finds that opportunity for further amendment would be futile. The SAC fails to state a claim for deprivation of substantive due process based on either the plaintiffs' right to bid on contracts or their reputational harm. Accordingly, the motion to dismiss the claim is GRANTED. Plaintiff Sam Rivinius has not pleaded a direct and independent injury from Gradetech's. Rivinius is hereby DISMISSED from this case.

The following claims remain in the case, all brought on behalf of plaintiff Gradetech only:

(1) **On appeal:** First Amendment retaliation under 42 U.S.C. § 1983 against Jim Ortbal, David French, Chris Mastrodicasa, Matthew Cano, and Matthew Loesch

(2) **On appeal:** deprivation of property under 42 U.S.C. § 1983 against Jim Ortbal, David French, Chris Mastrodicasa, Matthew Cano, and Matthew Loesch; and

(3) the petition for a writ of mandamus against the City of San Jose, Jim Ortbal, and David French.

Defendants have indicated their intention to file a motion to stay the case pending appeal. Dkt. No. 49. Any motion to stay must be filed by **July 24, 2020**. Plaintiffs may oppose the motion by **July 31** and Defendants may reply by **August 5**.

**IT IS SO ORDERED.**

Dated: July 10, 2020

_____
NATHANAEL M. COUSINS
United States Magistrate Judge