UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRADETECH, INC., and SAM RIVINIUS,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN JOSE, and others,<br><br>Defendants. | Case No. 19-cv-06157-NC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: ECF 78 |

After three motions to dismiss and a Ninth Circuit appeal, this safety-first First Amendment case is once again before the Court on a motion to dismiss for failure to state a claim. The Court must now evaluate: (1) whether the third amended complaint (TAC) sufficiently alleges that Gradetech expressed a bona fide concern about public safety per the Ninth Circuit's directive, and (2) whether the Court has jurisdiction to issue the requested writ of mandamus. After reviewing the TAC and briefing, the Court finds that Plaintiffs fail to lay a solid foundation for their claims. Accordingly, the Court GRANTS Defendants' motion to dismiss.

**I.     BACKGROUND**

<u>Lake Cunningham Bike Park Project</u>

According to the TAC, on March 28, 2016, Gradetech, a California licensed contractor, entered into a contract with the City to construct the Lake Cunningham Bike Park. ECF 75 at ¶¶ 22, 5, 16. Gradetech's bid for the project, and the amount the City

agreed to pay for the work, was based on the original plans submitted to the City by Verde Design and Hilride Progression Development Group, LLC. *Id.* at ¶¶ 22, 18. On May 23, 2016, Gradetech broke ground on the Project. *Id.* at ¶ 23. Around August 2016, the City and Hilride began modifying aspects of the original plans, namely enlarging the dirt jumps, without providing updated plans to Gradetech. *Id.* at ¶¶ 24, 25. On September 1, 2016, Gradetech submitted a Notice of Potential Claim for the "significant changes" in grading and resulting cost increases and delays to Defendant Chris Mastrodicasa, the City's Associate Landscape Developer. *Id.* at ¶ 28, 9. The City "ignored" Gradetech's concerns. *Id.* at ¶ 28. On December 16, 2016, Gradetech warned the City that Hilride was again increasing the size of the jumps. *Id.* at ¶ 29. On December 23, 2016, Gradetech notified the City that the final project was seriously deviating from the original plans. *Id.* at ¶ 30.

On September 20, 2017, Gradetech sent another letter to the City regarding the significant changes to the original design and expressing safety concerns about the lack of a fence around the Park and the need for adequate maintenance. *Id.* at ¶ 31. The City responded by "rebuff[ing] Gradetech's concerns as being self-serving." *Id.* at ¶ 32. Gradetech sent another warning on November 15, 2017, suggesting that the City should consider its heightened exposure and loss of immunity in light of the previously identified safety risks. *Id.* Mastrodicasa and the City "took no action to investigate" the increased dirt jump heights and did not enclose the Park with a fence. *Id.* at ¶ 33. The Park was completed in 2017. *Id.* at ¶ 35.

On November 15, 2017, Gradetech submitted a claim letter and Daily Extra Work Report for the costs incurred due to the changes to the original plan for the Park, totaling approximately $1,850,000. *Id.* at ¶ 34. The City later discovered that Gradetech's Daily Extra Work Report from the Park "was not consistent with its certified payroll records." *Id.* at ¶ 44. On March 21, 2018, Gradetech sued the City in state court for breach of contract based on the City's failure to "compensate [Gradetech] as required by the contract for the Project." *Id.* at ¶ 36.

//

Disqualification

On January 30, 2019, the City sought bids for the 2019 Minor Streets Projects. *Id.* at ¶ 38. With its project proposal, the City included a contractor scoring sheet and a note reserving the City's right to "rely on any information about the contract, independent of the Submittal Scoring Sheet, to determine that a contractor is not qualified." *Id.* at ¶ 39. On February 27, 2019, Gradetech submitted a bid for the project. *Id.* at ¶ 42.

On May 6, 2019, the City sent a Notice of Disqualification alerting Gradetech that it was disqualified from the project's contractor pool because "it submitted materially incorrect documentation of compensation in the 7187 – Lake Cunningham Bike Park contract." *Id.* at ¶ 45. Gradetech sent a request for a hearing to Defendant David French, a member of the City's Public Works Department. *Id.* at ¶¶ 45, 9. On June 21, 2019, the City held the hearing in front of Defendant Matt Loesch, the City's Assistant Director of Public Works. *Id.* at ¶ 48, 12. And on July 1, 2019, Defendant Jim Ortbal, the City's Deputy Manager, sent a letter to Gradetech affirming the disqualification, again citing the "contradictory, certified payroll records submitted by Gradetech." *Id.* at ¶ 50, 48.

### A. Procedural Background

On September 27, 2019, Plaintiffs sued Defendants under 42 U.S.C. § 1983 for First Amendment retaliation and petitioned for a writ of mandamus. ECF 1. Defendants moved to dismiss the complaint arguing that it failed to state a claim. ECF 11. Plaintiffs responded by filing a first amended complaint (FAC). ECF 15. In addition to the retaliation claim and petition for a writ of mandamus, the FAC included two new § 1983 claims for deprivation of liberty and property. *Id.* On December 24, 2019, Defendants moved to dismiss the FAC for failure to state a claim. ECF 17. The Court denied the motion as to the retaliation and deprivation of property claims and granted the motion as to the deprivation of liberty claim with leave to amend after finding Defendants' qualified immunity defense lacking. ECF 40. On April 28, 2020, Defendants appealed the Court's denial of their qualified immunity defense to the First Amendment retaliation and deprivation of property claims in the FAC to the Ninth Circuit. ECF 42.

On April 24, 2020, Plaintiffs filed a second amended complaint (SAC) again alleging First Amendment retaliation, deprivation of liberty and property, and petitioning for a writ of mandamus. ECF 41. Once more, Defendants moved to dismiss the SAC for failure to state a claim. ECF 44. On July 10, 2020, the Court granted the motion to dismiss the SAC for failure to cure the deficiencies identified in the Court's previous order, thereby leaving only the two claims on appeal and the petition for writ of mandamus. ECF 59. Following the Court's order, Defendants filed a motion to stay the proceedings pending the resolution of the Ninth Circuit appeal, which the Court granted. ECF 60; ECF 67. Soon after, Plaintiffs filed a motion to certify the Defendants' appeal as frivolous, which the Court denied. ECF 61; ECF 67.

On April 16, 2021, the Ninth Circuit reversed the Court's denial of qualified immunity on the retaliation and deprivation of property claims in the FAC. ECF 71. The Ninth Circuit determined that the FAC does not plausibly plead a claim of retaliation because the "barebones allegations alone" are not enough to determine whether Gradetech voiced a "bona fide concern about public safety." *Id.* at 3. The Ninth Circuit instructed this Court to dismiss the retaliation claim with leave to amend. *Id.* at 4. The Ninth Circuit also determined that Gradetech did not identify any cases holding that violation of an alleged contractual interest violates a substantive due process right to property. *Id.* at 4-5. Thus, Defendants were entitled to qualified immunity on this claim. *Id.* at 5. The Ninth Circuit did not instruct the Court to grant leave to amend finding that amendment would be futile "given the lack of clearly established law." *Id.*

After the case was remanded, Plaintiffs filed a third amended complaint (TAC). ECF 75. On July 30, 2021, Defendants filed the instant motion to dismiss the TAC for failure to state a claim for First Amendment retaliation and for lack of jurisdiction over the petition for a writ of mandamus. ECF 78. On September 8, 2021, the Court held a hearing on the motion. ECF 88. All parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). ECF 7; ECF 10; ECF 23.

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). A court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### B. Rule 12(b)(1)

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move to dismiss a claim for lack of subject-matter jurisdiction. "It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirements imposed by Article III of the Constitution by alleging an actual case or controversy." *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). To establish Article III standing, a plaintiff must show that they: (1) suffered an injury in fact (2) that is fairly traceable to the challenged conduct of the defendant and (3) that is likely to be redressed by a favorable judicial decision. *Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1647 (2017).

5

## III. DISCUSSION

### A. Judicial Notice & Incorporation by Reference

"When ruling on a motion to dismiss, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). If additional documents are presented, the court must either exclude them or convert the motion to dismiss into a Rule 56 motion for summary judgment. Fed. R. Civ. P. 12(d). Here, both parties attached additional documents. ECF 79; ECF 84. Consequently, before evaluating the merits of the motion to dismiss, the Court must determine whether to judicially notice the documents, exclude them, or convert the motion.

Defendants request that the Court incorporate three documents by reference: (1) the September 20, 2017, letter from Gradetech to the City, (2) the September 29, 2017, letter from the City to Gradetech, and (3) the November 15, 2017, letter from Gradetech to the City. ECF 79. Upon a defendant's request, a court may incorporate a document by reference if the plaintiff "refers extensively" to the document or if "the document forms the basis of the plaintiff's claim." *U.S. v. Ritchie*, 342 F.3d 903, 908. Here, the Court finds it appropriate to incorporate these documents by reference because they form the basis of Plaintiffs' retaliation claim. Gradetech's letters are at the core of Plaintiffs' claim that Gradetech expressed concerns about public safety to the City. *See* ECF 75 at ¶¶ 31, 32. And the City's response underpins Plaintiffs' argument that the City rebuffed Gradetech's expressed safety concerns. *See id.* at ¶ 32. Ultimately, the Court finds it appropriate to incorporate these three documents by reference into the complaint.

Plaintiffs request judicial notice of six documents: (1) the City's death waiver for the Park, (2) the National Highway Traffic Safety Administration's Bicycle Safety Information Sheet, (3) a May 17, 2021, press release about the Park, (4) photographs of the Park from a December 7, 2016, news article, (5) a redlined copy of the TAC, and (6) an exhibit from Plaintiffs' previous state court case. ECF 84. Federal Rule of Evidence 201 allows a court to take judicial notice of "a fact that is not subject to reasonable dispute"

because it is "generally known" within the court's jurisdiction or can be "accurately and readily determined from sources whose accuracy cannot be reasonably questioned." If the documents presented are not relevant to the legal issues before the court, the court can decline to take judicial notice of them. *See Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 399 n.7 (9th Cir. 2000).

Here, the Court finds that judicial notice is not proper for these documents. First, the Court notes that this complaint is on its fourth revision, so there is no question that Plaintiffs had the opportunity to include these documents in its allegations. Instead, Plaintiffs resort to seeking judicial notice and, in some cases, inserting images of the improperly relied upon documents in their opposition. *See* ECF 83 at 16, 17, 18. The Park waiver; May 17, 2021, press release; December 7, 2016, photographs; redlined TAC; and state court exhibit are used to imply safety risk and retaliatory animus. *See* ECF 83 at 5, 6, 17. These issues are the foundation of this case, and therefore, these documents are subject to reasonable dispute. The Bicycle Safety Information Sheet is not referenced at all. Thus, the Court finds that it is not relevant to the legal issues in the motion to dismiss. Overall, the Court finds that judicial notice of these six documents is not proper, and the Court excludes them from its evaluation of this motion.

In sum, the Court is left to consider the TAC and the three documents incorporated by reference. *See U.S. v. Ritchie*, 342 F.3d 903, 908 (explaining that when a document is incorporated by reference the court may consider the document with the complaint on a motion to dismiss). Because the Court is not considering any additional documents, there is no need to convert this motion into a motion for summary judgment.

### B.     First Amendment Retaliation Claim

On appeal, the Ninth Circuit determined that the "FAC as it stands does not plausibly plead a claim of First Amendment retaliation" and remanded the case to this Court with instructions to grant the motion to dismiss the FAC with leave to amend. ECF 68 at 3, 4. The Ninth Circuit found the retaliation claim deficient because the "majority of Gradetech's alleged speech related only to the financial and managerial dispute between

7

the City and Gradetech." *Id.* at 3 (internal citations omitted). And although there was a warning about safety concerns, it was not clear "from these barebones allegations alone whether Gradetech voiced a bona fide concern about public safety." *Id.* Thus, the question for this Court to answer is: does Gradetech's TAC sufficiently allege that it expressed concerns about public safety to the City and that these concerns were bona fide, and part of a larger financial and managerial dispute? After excluding the documents not judicially noticed or incorporated, thoroughly evaluating the TAC, and comparing it to the FAC that the Ninth Circuit reviewed, the Court finds that it does not.

As far as expressing safety concerns, in the FAC Gradetech's sole allegation is: "on or about September 20, 2017, Gradetech warned the City that there were safety concerns associated with the Project." ECF 15 at ¶ 20. In the TAC, Gradetech elaborated on this point by including a summary of the September 20, 2017, letter. ECF 75 at ¶ 31. The letter expresses "concern[] regarding the safety of the users of the bike trail" and lists three points where the City could increase safety for users. ECF 79 at 5, Ex. A. Thus, the Court finds that the TAC sufficiently alleges that Gradetech expressed public safety concerns.

As to the second question, the answer is less obvious. The FAC spends seven pages describing the dispute between parties, however the aforementioned sentence is the only allegation that mentions "safety." *See* ECF 75. Although the TAC has more allegations of safety concerns–the September 20, 2017, letter; the November 15, 2017, letter; and the City's actions in response to the letters–it similarly paints a picture of the dispute between the parties as primarily financial. ECF 75 at ¶¶ 32, 33. Plaintiffs' opposition, on the other hand, takes the TAC's allegations about Gradetech's change-of-plan complaints and encourages the Court to jump to conclusions about safety warnings. At several points in the opposition, Plaintiffs take an allegation from the TAC–for example, Gradetech warning the City that Nat Lopes of Hilride was increasing the size of the jumps and the speed of the track– and twist it into a safety warning–"both of which increase the safety risk to the riders." *See* ECF 75 at 11-12. These safety concerns are not mentioned in the TAC; therefore, the Court does not consider them when evaluating whether the TAC sufficiently

8

alleges that the safety concerns were bona fide.

Looking at only the pleadings and referenced documents, the Court finds that the TAC fails to sufficiently allege that Gradetech's safety concerns were bona fide and not part of a larger dispute focused on private matters of finances and management. Over the years that it worked on the Park, Gradetech sent many letters, warnings, and notices to the City, most of which related to changing plans and increasing costs. *See* ECF 75 at ¶¶ 24, 28, 29, 30, 34. The financial focus of the dispute is bolstered by the contents of the City's September 29, 2017, response to Gradetech's September 20, 2017, and September 22, 2017, letters. *See* ECF 79 at 7, Ex. B. In the response, the City acknowledges Gradetech's expressed safety concerns, but focuses principally on addressing several financial concerns in Gradetech's September 22, 2017, letter, which was not mentioned in the TAC. The contents of the City's September 29, 2017, letter and the omission of Gradetech's finance-focused September 22, 2017, letter reinforce the Ninth Circuit's determination that Gradetech's alleged speech relates predominantly to the private financial and managerial dispute between the parties. *See* ECF 68 at 3. Thus, although Gradetech did express a safety concern, this concern appears to be a strategic move in a larger financial dispute, not a bona fide public safety concern sufficient to state a claim for First Amendment retaliation. Accordingly, the Court grants Defendants' motion to dismiss this claim.

### C. Petition for Writ of Mandamus

In the motion to dismiss, Defendants also challenged Plaintiffs' petition for a writ of mandamus arguing that the Court lacks jurisdiction to order the writ because an order from the Court cannot redress Plaintiffs' harm. ECF 78 at 23. In the TAC, Plaintiffs' requests a writ of mandamus ordering the City to rescind Gradetech's disqualification from the 2019 Minor Streets Projects. ECF 75 at ¶¶ 56-62. Defendants argue that the Court cannot offer Plaintiffs redress because the 2019 Minor Streets Projects contractor pool no longer exists, so any order from the Court would be moot. ECF 78 at 23.

In California, a court may issue a writ of mandate to any inferior tribunal to compel the performance of an act which the law specially enjoins. Cal. Code Civ. Proc. § 1085.

1    However, a writ of mandate can no longer be issued if the performance it seeks to compel
2    has become moot. *See Environmental Protection Information Center, Inc. v. Maxxam*
3    *Corp.*, 4 Cal. App. 4th 1373, 1380 (1992); *see also Wilson & Wilson v. City Council of*
4    *Redwood City*, 191 Cal. App. 4th 1559, 1576 (2011).
5    　　　Here, Plaintiffs' petition appears to be actionable, but Plaintiffs fail to demonstrate
6    jurisdiction. In response to Defendants' challenge, Plaintiffs first argue that their petition
7    is not moot because contractors are required to disclose disqualifications or debarments
8    when bidding on new projects, and if a contractor admits to having been debarred or
9    disqualified, they are "virtually instantly denied." ECF 83 at 21. Plaintiff does not cite to
10   any authority for these assertions, and they are not included in the TAC. *See* ECF 75.
11   　　　Plaintiff also argues that "a mandamus claim should not be deemed moot on the
12   pleadings" citing *New Livable Calif. V. Ass'n of Bay Area Govt's*, 59 Cal. App. 5th 709,
13   716-17 (2020). This case is inapposite. The *New Livable* court does rule that the trial
14   court erred in deeming the case moot at the motion to dismiss stage, but the procedural
15   background is completely different from this case. Unlike in *New Livable*, here the Court
16   did not rely on a judicially noticed document to dismiss the petition and Plaintiffs had the
17   opportunity to explain why the conclusion of the 2019 Minor Streets Project does not
18   render the petition moot in their opposition and at the hearing. *See id.* The two cases are
19   distinguishable, so the holding from *New Livable* does not apply here.
20   　　　Finally, Plaintiffs assert that "even an expired debarment will not render a case
21   moot because of the '[l]ingering stigma or other adverse impact' flowing from debarment."
22   ECF 83 at 21 (citing *Cailoa v. Carroll*, 851 F.2d 395, 401 (D.C. Cir. 1988)). Aside from
23   the Plaintiffs' reliance on an out-of-circuit case for this state law argument, their argument
24   is also misplaced because Plaintiffs' petition for a writ is premised on Gradetech's
25   disqualification, not it's later debarment. *See* ECF 75 at ¶¶ 56-62. Although Plaintiffs'
26   counsel argued at the hearing that the effects of disqualification and debarment are
27   interchangeable, the Court is not required to consider counsel's unsupported assertions
28   when evaluating this motion.

In sum, the Court finds that Plaintiffs failed to demonstrate that they have standing under Article III to petition for a writ of mandamus to order the City to retract Gradetech's disqualification. Accordingly, the Court grants Defendants' motion to dismiss the petition.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss the First Amendment retaliation claim for failure to state a claim and GRANTS Defendants' motion to dismiss the petition for a writ of mandamus for lack of jurisdiction. Given that the complaint is on its fourth revision, the Court finds that amendment would be futile. Gradetech and Rivinius' complaint is hereby dismissed, with prejudice.

**IT IS SO ORDERED.**

Dated: September 16, 2021

_____
NATHANAEL M. COUSINS
United States Magistrate Judge